UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KENYON BUDWINE** | **CIVIL ACTION NO. 2:11-cv-2079** |
| **LA. DOC #502111** | **SECTION P** |
| **VERSUS** | **JUDGE MINALDI** |
| **WARDEN TERRY TERRELL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Kenyon Budwine filed the instant petition for writ of *habeas corpus* (28 U.S.C. § 2254) on November 30, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He attacks his 2008 convictions for armed robbery and attempted armed robbery and the sentences totaling thirty-five years imposed by the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons it is recommended that the petition be **DISMISSED.**

### *Background*

On May 19, 2008, petitioner pled guilty to one count of armed robbery and one count of attempted armed robbery and he also admitted to a violation of his probation. On July 23, 2008. he was sentenced to serve concurrent sentences of thirty-five and twenty years and these sentences were ordered to be served consecutive to the seven year sentence imposed following his probation revocation. Doc. 1, att. 2, p. 1. On some unspecified date, he filed a motion to

reconsider sentence and on September 24, 2008 his motion was denied. Doc. 1, ¶11(a). Petitioner did not appeal his conviction or sentence. *Id.* at ¶8.

On September 17, 2009, petitioner filed in state court an application for post-conviction relief seeking an out-of-time appeal. Doc. 1, att. 3, p. 2-15. He argued, *inter alia*, that the conviction and sentence "were obtained in violation of the Constitutions of the United States and the State of Louisiana, in that his constitutionally protected right to appeal has been violated." Doc. 1, att. 3, p. 8. In support of his request for an out-of-time appeal, he argued that he had relied upon his court-appointed attorney to file an appeal on his behalf. *Id*. at 13.

On January 4, 2010, petitioner corresponded with the Calcasieu Parish Clerk of Court requesting the current status of the application. *Id.* at 16-17. On January 6, 2010, he was advised that as of the date of the letter no ruling had been received by the Clerk of Court. *Id.* 18-19.

On March 16, 2010, petitioner filed an application for writ of mandamus in the Third Circuit Court of Appeal. He framed the issue as follows: "Has the District Court below taken too long to render a final judgment on Petitioner's application for post-conviction relief?" Doc. 1, att. 3, p. 24. He concluded by asking the Court of Appeal to order the District Judge to render a final judgment on Petitioner's application for post conviction relief without further delay. *Id.* at 26. On March 19, 2010, the Third Circuit acknowledged receipt of petitioner's writ application and notified him that it had been assigned Docket Number 10-00346-KH. *Id.* at 29. On May 24, 2010, the Third Circuit denied mandamus relief, noting, "[i]nformation obtained from the trial court indicates that a ruling was rendered on Relator's Uniform Application for Post-Conviction Relief on April 20, 2010. Accordingly, Relator's petition for a writ of *mandamus* is denied as moot." *Id.* at 31.

Petitioner apparently did not receive a copy of the District Court's April 20, 2010, ruling and nothing in the record provided to us indicates he requested a copy from the Court or the Clerk of Court. Instead, on June 22, 2010, he filed an application for writs in the Louisiana Supreme Court seeking review of the Third Circuit's order. *Id.* at 33. In this writ application petitioner argued that "(1) to date, he has yet to receive a ruling from the District Court; (2) the Circuit Court's denial of *mandamus* relief failed to address the fact that the District Court acted one month after Petitioner sought *mandamus* relief in the Circuit Court; and (3) if the District Court has acted, the overall posture of this case now . . . places Petitioner out-of-time for seeking review in the Circuit Court of the District Court's ruling." *Id.* at 37. Petitioner then articulated his assignment of error as follows, "The District Court has denied Petitioner his constitutional rights to access the courts by not timely providing Petitioner with a copy of the District Court's final ruling on Petitioner's application for post-conviction relief." *Id.* at 39. He then prayed for the following relief: (1) remand to the District Court with instructions to provide a copy of the April 20, 2010 ruling; (2) in the event the District Court's ruling is adverse to the petitioner the District Court should be directed to set a return date to apply for writs in the Third Circuit; and, (3) instruct the Third Circuit to accept and consider the merits of petitioner's out-of-time writ application. *Id*. at 40.

On November 4, 2011 the Supreme Court denied writs without comment. *State of Louisiana ex rel. Kenyon Budwine v. State*, 75 So.2d 913 (La. 2011); doc. 1, att. 3, p. 44-45.

Petitioner signed his federal *habeas corpus* petition on November 17, 2011, [doc. 1, p. 14] and he mailed it shortly thereafter. The petition was received and filed on November 30, 2011. Petitioner asks the Court to "remand to the 14th Judicial District Court with instruction to grant out-of-time appeal under *State v. Counterman* . . . or release petitioner." Doc. 1, p. 14.

Petitioner argues a single ground for relief: "Petitioner's convictions and sentences have been obtained in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment on the basis Petitioner has been denied his state constitutional right to appeal and in asserting this claim to the State courts in a proper application for post-conviction relief." Doc. 1, att. 2, p. 3.

*Law and Analysis*

### I.    *Rule 4 Considerations*

Rule 4 of the Rules Governing § 2254 Cases in the District Courts provides in part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . .." The Advisory Committee Notes expand on the purpose of the Rule by noting that pursuant to 28 U.S.C. § 2243, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)." As is shown below, the petition and exhibits demonstrate that petitioner is not entitled to *habeas corpus* relief.

### II.    *Title 28 U.S.C. § 2254*

Petitioner seeks relief pursuant to 28 U.S.C. § 2254. Petitioner is not entitled to *habeas corpus* relief "absent the allegation . . . that he . . . has been deprived of some right secured to him . . . by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The statute and jurisprudence are clear – federal courts may entertain *habeas corpus* petitions for prisoners in custody pursuant to an order of a state court only on the ground that they are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Errors alleged to have been committed in state post-

conviction proceedings will not, in and of themselves, entitle a petitioner to federal *habeas* relief. *See, e.g., Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("infirmities in state *habeas* proceedings do not constitute grounds for relief in federal court"); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("[a]n attack on a state *habeas* proceeding does not entitle the petitioner to *habeas* relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself") (internal quotations omitted).

In other words, in order to be entitled to *habeas corpus* relief pursuant to 28 U.S.C. § 2254, a state prisoner must allege and demonstrate constitutional error either at the trial or direct review level. Federal courts cannot grant *habeas corpus* relief "to correct alleged errors in state *habeas* proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). Put another way, "errors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal *habeas* relief." *Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999). This is so because post-conviction error does not make a state prisoner's incarceration repugnant to the Constitution or laws or treaties of the United States.

Here petitioner uses § 2254 to attack proceedings collateral to his detention and not the detention itself. Petitioner complains that the Fourteenth Judicial District Court erred when it failed to timely rule upon his application for post-conviction relief seeking an out-of-time appeal. He then complains that the Third Circuit Court of Appeals erred when it dismissed petitioner's writ application as moot after discovering that the District Court had indeed ruled on petitioner's application for post-conviction relief during the pendency of the mandamus proceeding. He then complains that the Louisiana Supreme Court erred when it denied writs and thus terminated his state post-conviction litigation.

He now asks this Court to exercise a form of "supervisory" jurisdiction over the Louisiana courts – to enforce Louisiana procedural rules – and such relief is simply not available. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal *habeas corpus* relief will not issue to correct errors of state constitutional, statutory, or procedural laws, unless a federal issue is also presented); *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998); *see also Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970) (federal courts "do not sit as a 'super' state supreme court").

Since petitioner attacks post-conviction errors in this *habeas* proceeding, he fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

### III.     Right to Appeal

Petitioner implies that he is entitled to federal *habeas corpus* relief because he was denied his right to appeal; however, his petition and exhibits do not establish whether he had the right to appeal or, if he did, whether in fact that right was denied.

Petitioner pled guilty. He did not allege in any of his post-conviction pleadings that his plea was involuntary nor did he allege that his plea was conditional upon the reservation of a right to appeal particular pre-plea issues. Generally speaking, under both Louisiana and federal law, a voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings leading up to the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *State v. Crosby*, 338 So.2d 584 (La. 1976). Thus, unless petitioner specifically conditioned his guilty plea upon the reservation of his right to appeal a particular pre-plea issue, he waived the right to appeal his convictions.

Further, Louisiana Code of Criminal Procedure article 881.2 prohibits appellate review of a sentence imposed in conformity with a plea agreement. Under Louisiana jurisprudence, this

includes sentences imposed in accordance with an agreed to sentencing cap. *State v. Young*, 680 So.2d 1171 (La. 1996). It is unclear whether petitioner entered into a sentencing agreement and thus whether he reserved the right to appeal his sentence.

Further, assuming that petitioner reserved the right to appeal his sentence, the pleadings filed simply do not demonstrate that he was deprived of that right. Petitioner, it appears, made no effort to obtain a copy of the District Court's April 20, 2010, ruling after he was advised by the Third Circuit that such a ruling had been made. Doc. 1, att. 3, p. 30-31. Instead, he sought review of the Third Circuit's dismissal of his claim in the Louisiana Supreme Court, and then, when that Court rejected his claim, he filed the instant petition.

In other words, petitioner has not established that he reserved his right to appeal his sentence or, if he did, whether that right was in fact denied by the Fourteenth Judicial District Court.

## IV.  *Exhaustion of State Court Remedies*

Finally, before a prisoner may seek *habeas corpus* relief pursuant to 28 U.S.C. § 2254, he must first exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir. 2007) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court in a procedurally correct manner. *Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). In Louisiana, the highest court is the Louisiana Supreme Court; the

various Circuit Courts of Appeal provide discretionary review of non-appealable decisions of the District Courts. Therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to collaterally attack his Louisiana conviction must have presented his claims in a procedurally correct manner to the District Court, and, thereafter to the appropriate Circuit Court of Appeals, and, finally, to the Louisiana Supreme Court before raising those claims in federal court.

Petitioner raised a single claim for relief in his application for post-conviction relief filed in the Fourteenth Judicial District Court; further he prayed for a specific remedy, an out-of-time appeal. Thereafter, he did not seek review of this claim in the Third Circuit Court of Appeals but instead sought mandamus relief in the appellate court asking that court to direct the district court to rule on his application for post-conviction relief. When the court of appeals dismissed petitioner's request for mandamus as moot he sought review in the Supreme Court where he argued that the actions of the District Court denied him his right of access to the Courts. In other words, as shown above, it is unclear whether or not the District Court granted or denied his request for an out-of-time appeal and there was no direct appeal of whatever that ruling was.

In short, since petitioner did not "fairly present" the substance of his federal habeas corpus claim to the Louisiana courts in a procedurally correct manner, state court remedies remain unexhausted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[1] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

---

[1] In the event that petitioner objects to this Report and Recommendation, he should provide the following if available: (1) a copy of the plea agreement entered into between petitioner and the State of Louisiana; (2) copies of the transcripts of the plea colloquy and sentencing; and, (3) a copy of the April 20, 2010 ruling on his application for post-conviction relief, or proof that he attempted to obtain a copy of the ruling after the May 2010 judgment of the Third Circuit Court of Appeals.

THUS DONE this 15th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE